UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>        Plaintiff,<br><br>v.<br><br>GROWING PROPERTIES, LLC, JAMES DANIEL TAYLOR and WILLIE HAMPTON<br><br>        Defendants. | CIVIL ACTION FILE<br>NO: 1:21-CV-218 |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES, Plaintiff Foremost Insurance Company Grand Rapids, Michigan ("Foremost") for its Complaint against the Defendants and alleges as follows:

## INTRODUCTION

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between Foremost and Defendants Growing Properties, LLC, ("Growing Properties"), Willie Hampton ("Hampton")

and James Daniel Taylor ("Taylor") arising out of claims that Taylor was injured while working for Growing Properties, LLC. Foremost seeks a declaration as to whether it has any obligation to defend and/or indemnify Growing Properties, LLC and/or Hampton for claims made by Taylor.

## THE PARTIES

2.

Plaintiff Foremost Insurance Company Grand Rapids, Michigan is a Michigan corporation with its principal place of business in Michigan. Foremost is duly authorized to conduct business in the State of Georgia.

3.

Defendant Willie Hampton is a citizen of the State of Georgia.

4.

Defendant James Daniel Taylor is a citizen of the State of Georgia.

5.

Defendant Growing Properties, LLC is a Georgia limited liability company. Upon information and belief, the members of Growing Properties are Jared Young and Kelly Young who are both citizens of the State of Georgia.

## JURISDICTION & VENUE

### 6.

There is complete diversity between Foremost, on the one hand, and all of the Defendants, on the other hand.

### 7.

The amount in controversy exceeds $75,000, exclusive of interest and costs, because the limits of the insurance policy at issue are $500,000, and the claims by Taylor involve the amputation of a leg below the knee.

### 8.

Thus, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

### 9.

This Court has personal jurisdiction over the Defendants because they are all citizens of the State of Georgia.

### 10.

Venue is proper in the Middle District of Georgia, Albany Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in Worth County, Georgia, which is part of the Albany Division of the Middle District.

11.

This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists among Foremost and Growing Properties, LLC and Hampton involving whether Foremost has a duty to defend and/or indemnify Growing Properties, LLC and/or Hampton for the claims made by Taylor.

## **FACTS**

12.

Growing Properties, LLC owns and manages approximately fifteen rental properties.

13.

As part of managing those properties, Growing Properties, LLC hired Hampton and Taylor to do yard maintenance for its properties, including but not limited to mowing the lawns of the various properties.

14.

Upon information and belief, the equipment used by Hampton and Taylor for the yard maintenance is owned by Growing Properties, LLC.

15.

Upon information and belief, Hampton and Taylor would do the yard

maintenance as assigned by Growing Properties, LLC. When called by Growing Properties, LLC, Hampton and Taylor would go to home of the owner/member of Growing Properties, LLC, Jared Young, receive their assignments and directions on job site locations. Growing Properties, LLC provided Hampton and Taylor with a 54" zero-turn lawnmower, weed eater, other necessary yard maintenance tools, and a truck and/or trailer to pull the equipment.

16.

Upon information and belief, Growing Properties, LLC never issued a W-2 or 1099 to Hampton or Taylor, and all payments for work done were made in cash.

17.

Upon information and belief, Growing Properties, LLC's payment to Hampton and/or Taylor would vary by the job or the day, but was predominantly based on the output of work.

18.

Upon information and belief, on August 10, 2021, Growing Properties, LLC instructed Hampton and Taylor to cut two lawns, including the lawn of the property located at 1936 Red Rock Rd, Sylvester, GA 31791 (the "Property").

19.

Upon information and belief, while working at the Property, Hampton instructed Taylor to use the weed eater in the front yard while Hampton mowed the lawn in the back.

20.

Upon information and belief, at some point, Taylor ended up using the weed eater in the backyard, where Hampton accidently ran over Taylor's leg with the lawnmower (the "Incident").

21.

Upon information and belief, as a result of the Incident, Taylor's leg was amputated below the knee.

22.

Taylor, through counsel, has stated that based on the Incident, he is asserting claims against Growing Properties, LLC, and has requested information on Growing Properties, LLC's insurance limits.

23.

Taylor, through counsel, has stated that he believes that his claims arising from the Incident are worth more than the $500,000 limits in the insurance policy issued by Foremost to Growing Properties, LLC.

24.

Foremost has sent Growing Properties, LLC a full reservation of rights.

## **THE FOREMOST POLICY**

### 25.

Foremost Insurance Company Grand Rapids, Michigan issued to Growing Properties, LLC an insurance policy with policy number 381-0021256067-03 for policy period January 18, 2020 to January 18, 2021 (the "Policy"). A true and correct copy of the Policy is attached as Exhibit A.

### 26.

The Property is listed as one of the covered premises in the Policy.

### 27.

The Section II - Premises Liability insuring agreement provides:

> If a claim is made or a suit brought against you for damages because of **bodily injury** or **property damage** caused by an accident or condition on your **premises** to which this coverage applies, we will pay:
>
> a. up to the Limit of Liability shown on the Declarations Page for the damages for which you are legally liable; and
> b. provide a defense at our expense by attorneys of our choice.
>
> However, with respect to **property damage** resulting from or caused by exposure to, ingestion of, inhalation of, or the presence of mold, mildew, or other fungi, their secretions, and dry and wet rot of any kind regardless of the cause, condition or loss that led to their formation or growth, the limit of liability will be an aggregate of $50,000. This limit is part of, not in excess of, the

Limit of Liability shown on the Declarations Page. This limit applies to the total of all claims or suits made against you, regardless of the number of accidents, locations insured, or injured persons.

We may make any investigations and settle any claims or suits that we decide appropriate. Our obligation to defend any claim or suit ends when the amount we pay in settlement or judgment for damages resulting from the accident equals the lesser of the Limit of Liability shown on the Declarations Page or, if applicable, a limit of liability shown above. This insurance applies only to **bodily injury** and **property damage** that occurs during the Policy Period shown on the Declarations Page.

28.

The Policy contains the following exclusions:

We will not pay for **bodily injury** or **property damage**:

****

16.   To any of you.

17.   To an employee of any of you arising out of and in the course of employment by any of you or consequential injuries to a spouse, child, parent, brother or sister of the injured employee.

This exclusion applies:
a. Whether you may be liable as an employer or in any other capacity; and
b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * * *

29.

The Policy contains the following relevant definition:

> You, your and yours means the person, persons or organization named on the Declarations Page. You, your and yours also means any **family member** of the person or persons named on the Declarations Page.

> In SECTION II — Your Liability Coverages, you, your, and yours also means any employees of the person, persons or organization named on the Declarations Page for acts that occur on the **premises** and are within the course of their employment.

* * * *

## **CAUSE OF ACTION**
### **(Declaratory Relief)**

30.

Foremost hereby incorporates by reference all allegations contained in Paragraphs 1 – 29.

31.

Foremost does not have any obligation to defend and/or indemnify Growing Properties, LLC or Hampton for any claims arising from the Incident or any damages, losses, claims, costs, or expenses arising out of or related to the claims

asserted by Taylor against Growing Properties, LLC and/or Hampton because Taylor is an employee of Growing Properties, LLC or Hampton and Exclusions 16 and/or 17 in the Policy bar coverage for the Incident.

32.

Therefore, Foremost seeks a declaration that it has no duty to defend and/or indemnify Growing Properties, LLC or Hampton for any claims arising from the Incident.

WHEREFORE, Foremost demands judgment as follows:

A.     For a declaration that Foremost has no duty to defend and/or indemnify Growing Properties, LLC or Hampton for any claims arising from the Incident or otherwise pay for any damages, losses, claims, costs or expenses arising out of the claims asserted by Taylor against Growing Properties, LLC and/or Hampton;

B.     That the judgment be binding on Taylor;

C.     For the cost of this suit; and

D.     For such other and proper relief as this Court may deem just and proper.

Dated this 2nd day of December, 2021.

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
600 PEACHTREE STREET
Suite 4700
Atlanta, Georgia  30308
T:  (404)348-8585
F:  (404)467-8845
seth.friedman@lewisbrisbois.com
christopher.meeks@lewisbrisbois.com

/s/ Seth M. Friedman
Seth M. Friedman
Georgia Bar No. 141501
Christopher C. Meeks
Georgia Bar No. 371020

*Attorneys for Plaintiffs*